McEwen *v.* Taylor *et al.*

Where a license to keep a ferry does not give to the ferryman the *exclusive* privilege for a certain distance above and below his ferry, he cannot sustain an injunction against parties who may cross passengers in a skiff within that distance; especially if the petition does not allege that they had no license to keep a skiff ferry, and does not aver that they took pay for crossing passengers.

*Appeal from Keokuk District Court.*

*Opinion by* Greene, J.   The petition was filed in this case by David McEwen, for an injunction against Andrew Taylor and Benjamin Hollingsworth.   It sets forth that on the 15th of April, 1851, the petitioner was duly licensed to keep a ferry across the south fork of Skunk river in Keokuk county, by the board of commissioners of said county; that said privilege extended two miles above and two miles below the point designated for the ferry; that he prepared and kept said ferry in strict accordance with the license; that the defendants had been in the constant habit, during the previous year, of keeping a skiff and canoe to carry persons across said river at a point within two miles of complainant's ferry; that the persons who are thus ferried or crossed, are not the owners of a mill or their customers; that he cannot say how much money they have received for such crossing; that the number of persons who cross the river at their point is increasing every day; that they aver their determination to continue the running of said boat and declare their determination to build a boat within a short time, and to use the same so as to pass teams and horses as well as footmen; that unless they are restrained, they will continue the said crossing, build said boat to engage in ferrying generally, and do such injury to the rights of said plaintiff, that he will have no adequate remedy.   The petition concludes in the usual form, with a prayer for an injunction which was granted.

McEwen *v.* Taylor.

To this petition, defendants' filed a demurrer which was sustained, and the injunction dissolved. The only error assigned is, that the court sustained the demurrer.

The license from the county commissioners, a copy of which is annexed to the petition, shows that plaintiff was authorized to keep a certain ferry at a point designated, for five years from the 14th day of April, 1851 ; the said license to extend two miles above and two miles below, said point. The license does not give him the *exclusive* privilege. It is not an *exclusive* license. It merely permits the plaintiff to keep a certain kind of ferry at the point and within the limits named, for the term of five years. As it confers merely the authority to keep the kind of ferry described in the license, without making that authority or franchise exclusive, and as the petition does not aver that the defendants had not a license to keep a skiff or canoe ferry, and as the petition does not aver that they crossed passengers in their skiff or canoe for pay, we think the court did not err in sustaining the demurrer. If the license had been granted to the plaintiff with an exclusive privilege for two miles above and two miles below, he might then sustain an injunction against parties who should in any way cross passengers within the space designated, to the injury of his franchise.

Such exclusive privilege cannot be inferred ; it should be expressed in the license or charter, and if not so expressed it cannot be enforced. If it had been so expressed in the license before us, we should have reversed the decision, and sustained the petition, although it does not show that defendants crossed passengers for hire. As it is, we are constrained to the opinion that the court below ruled correctly.

Judgment affirmed.

*Geo. G. Wright*, for appellant.

*Charles Negus*, for appellees.